CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
May 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Shabar Nahjeem Williams, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00107 |
| Pocahontas State Correctional Center, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff Shabar Nahjeem Williams, an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Williams seeks to hold the facility housing her, Pocahontas State Correctional Center, liable for its alleged release of her drug testing results to her mother. (Dkt. 1 at 2.) Williams submitted the financial documentation and consent to collection of fees form required to support her application to proceed *in forma pauperis*. (Dkts. 2, 4, 6.)

While the court finds that Williams qualifies to proceed without prepayment of fees or costs, it also finds that the complaint in this action fails to state any viable claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

## I. Standard of Review

The court must dismiss a complaint filed in forma pauperis "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C.

-1-

§ 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), they must state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II.    Analysis

Williams' complaint fails to state a claim upon which relief could be granted. A civil rights suit brought pursuant to 42 U.S.C. § 1983 must assert a claim of a violation of constitutional rights or a violation of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Williams does not identify the constitutional right or federal law allegedly violated. Even had

Williams identified a constitutional source of the alleged violation, the only Defendant she named, Pocahontas State Correctional Center, would not be a proper defendant.  To state a cause of action under § 1983, a plaintiff must allege facts indicating that he or she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  A correctional facility or jail is not a "person" subject to suit under § 1983.  *Perdue v. Penalosa*, 38 F.3d 1213, 1213 (4th Cir. 1994) (table) (per curiam); *Blaydon v. Sw. Va. Reg'l Jail-Duffield*, No. 7:23CV00340, 2024 WL 69828, at *1 (W.D. Va. Jan. 5, 2024).  The complaint does not identify any particular "person" who could be held liable for the claimed violation.

If she had identified the Health Insurance Portability and Accountability Act (HIPAA) as the federal law violated, the institution could potentially be held accountable for any such violation but not through a lawsuit brought by Williams.  Under Fourth Circuit law, HIPAA does not provide for an individual's right to enforce its provisions in a lawsuit.  *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021).  As the Fourth Circuit explained:

> Even if [a prison physician] violated this provision, a plaintiff seeking a remedy under § 1983 "must assert the violation of a federal *right*, not merely a violation of federal *law*." Thus, for [the plaintiff inmate] to recover under HIPAA, the statute must create a private *right* to sue that may be enforced under § 1983. Every circuit court to consider whether HIPAA created a private *right* to sue has found that it does not. This is because HIPAA does not expressly allow for a private cause of action but delegates enforcement authority to the Secretary of the Department of Health and Human Services, reflecting Congress's intent to forgo creating a private remedy. We see no reason to chart a different course from our sister circuits. [Plaintiff inmate] has no private right of action under HIPAA.

*Id.* (citations omitted).

Finally, even if Williams had identified a Virginia statute as the basis of the alleged violation, a claimed violation of state law does not state a viable § 1983 claim. *Clark v. Link*, 855 F.2d 156, 163 (4th Cir. 1988) (holding that a "section 1983 claim can only be sustained by allegations and proof of a violation of the Constitution or statutes of the United States and specifically may not rest solely on a violation of state statutes or qualify as a common law tort.").

Accordingly, the complaint fails to state a claim upon which relief could be granted, and it must be dismissed. The dismissal is without prejudice to Williams' right to refile a claim that identifies a proper legal basis and a proper defendant for the actions to which she objects.

### III.    Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Williams.

**IT IS SO ORDERED.**

**ENTERED** this 8th day of May 2025.

/s/ Jasmine H. Yoon
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE